# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
SHANNON BUNDRA

## DEFENDANTS
MARQUIS LATIN PHILLY LLC d/b/a BAR BOMBÓN

**(b)** County of Residence of First Listed Plaintiff: **PHILADELPHIA CTY**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **PHILADELPHIA CTY**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Brian C. Farrell, Esq. #319145, Sidney L. Gold & Assoc., P.C. 1835 Market St., Ste. 515, Phila, PA 19103
215-569-1999

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- [X] 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

**TORTS — PERSONAL INJURY**
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**PRISONER PETITIONS — Habeas Corpus:**
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty

**Other:**
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark
- 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit (15 USC 1681 or 1692)
- 485 Telephone Consumer Protection Act
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FAMILY MEDICAL LEAVE ACT (FMLA)

Brief description of cause:
Employment matter

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 150,000 IN EXCESS

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 04/18/2023

SIGNATURE OF ATTORNEY OF RECORD:
/S/ BRIAN C. FARRELL, ESQUIRE, ATTORNEY FOR PLAINTIFF

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __950 Daly Street Philadelphia, PA 19148__

Address of Defendant: __127 S. 18TH ST., 2ND FLOOR, PHILA., PA 19104__

Place of Accident, Incident or Transaction: __133 S. 18th Street, Philadelphia, Pennsylvania 19103__

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes [ ] No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes [ ] No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes [ ] No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes [ ] No [✓]

I certify that, to my knowledge, the within case [ ] is / [●] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __04/18/2023__  __/s/ Brian C. Farrell, Esq.__  __319145__
 Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [✓] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
   *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __BRIAN C. FARRELL__, counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[✓] Relief other than monetary damages is sought.

DATE: __04/18/2023__  __/s/Brian C. Farrell, Esq.__  __319145__
 Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| SHANNON BUNDRA | : | CIVIL ACTION |
| v. | : : : | |
| MARQUIS LATIN PHILLY LLC d/b/a BAR BOMBÓN | : : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                                                      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.         ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                                                                       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                                                                        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.             (☑)


| 04/18/2023 | /s/ BRIAN C. FARRELL | PLAINTIFF |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | bfarrell@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

    (a)        The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

    (b)        In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

    (c)        The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

    (d)        Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

    (e)        Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

    Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANNON BUNDRA, | : | CIVIL ACTION NO.: |
| *Plaintiff,* | : | |
| v. | : | |
| MARQUIS LATIN PHILLY LLC d/b/a BAR BOMBÓN, | : | **JURY TRIAL DEMANDED** |
| *Defendant.* | : | |

**COMPLAINT**

**I.    PRELIMINARY STATEMENT**

Plaintiff Shannon Bundra brings this action against her former employer, Defendant Marquis Latin Philly LLC d/b/a Bar Bombón, for violating the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §2601 *et seq.* Defendant unlawfully interfered with Plaintiff's rights under the FMLA and terminated her employment in retaliation for requesting and utilizing FMLA leave.

**II.    PARTIES**

1.    Plaintiff Shannon Bundra ("Plaintiff") is an adult individual and citizen of Pennsylvania, residing therein in Philadelphia, Pennsylvania.

2.    Defendant Marquis Latin Philly LLC d/b/a Bar Bombón ("Defendant") is a limited liability corporation duly organized and existing under the laws of Pennsylvania with a principal place of business located at 127 S. 18th Street, 2nd Floor, Philadelphia, Pennsylvania 19104.

3.    Defendant owns and operates two full-service restaurants in Philadelphia called "Charlie was a sinner." and "Bar Bombón."

4.    At all relevant times, Plaintiff was employed by Defendant as a Bartender at its Bar Bombón restaurant located at 133 S. 18th Street, Philadelphia, Pennsylvania 19103.

1

5. At all relevant times, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of their employment, and under the direct control of the Defendant.

6. At all relevant times, Defendant collectively employed more than 50 employees.

7. At all relevant times, Defendant acted as an employer within the meaning of the FMLA.

8. At all times relevant hereto, Plaintiff was an employee of Defendant within the meaning of the FMLA.

9. At all times material hereto, Plaintiff was eligible for, and entitled to, leave under the FMLA.

### III. JURISDICTION AND VENUE

10. The causes of action which form the basis of this matter arise under the FMLA.

11. The District Court has subject matter jurisdiction over Count I (FMLA Retaliation) and Count II (FMLA Interference) pursuant to 28 U.S.C. §1331.

12. The District Court has personal jurisdiction over Defendant because it maintains its headquarters or a principal place of business in Pennsylvania, maintains systematic and continuous activity such that it is at home in Pennsylvania, the actions giving rise or related to this suit occurred in Pennsylvania, or it has consented to the jurisdiction of this Court through, among other things, its appointment of an authorized agent in Pennsylvania to accept service of process.

13. Venue is proper under 28 U.S.C. § 1391(b).

### IV. FACTUAL ALLEGATIONS

14. Plaintiff was employed by Defendant from in or about February 2020 until on or about August 16, 2021, the date of her termination.

15. Throughout her employment with Defendant, Plaintiff held the position of Bartender at Bar Bombón, and she performed her job duties competently.

16. Plaintiff reported directly to David Montague ("Montague"), Defendant's General Manager of Bar Bombón.

17. Plaintiff suffers from Major Depressive Disorder, Generalized Anxiety Disorder, and Post-Traumatic Stress Disorder. These medical conditions constitute serious health conditions within the meaning of the FMLA.

18. In or about June 2021, Plaintiff began experiencing severe symptoms of the above medical conditions due to the deteriorating health of her father, who was then in the end stages of his life.

19. On or about June 7, 2021, Plaintiff met with Danielle Minnis ("Minnis"), Defendant's Human Resources Manager, and requested a medical leave of absence to undergo treatment for her escalating symptoms.

20. During this meeting, Minnis confirmed Plaintiff's eligibility for FMLA leave. Minns also told and that Plaintiff could take up to 90 days of FMLA leave and could return to work upon submitting documentation from her physician authorizing same.

21. At the conclusion of this meeting, Minnis advised Plaintiff that she could commence FMLA leave that day. Minnis' statements led Plaintiff to believe that Defendant had approved her FMLA leave request beginning on June 7, 2021.

22. Thus, on June 7, 2021, Plaintiff began an FMLA-approved medical leave of absence from Defendant's workplace.

23. Two days later, on or about June 9, 2021, Plaintiff contacted Gabrielle Love ("Love"), Defendant's Assistant Manager at Bar Bombón, and informed her that she had not yet

3

received any formal FMLA documentation from Minnis. Soon after on the same day, Minnis emailed Plaintiff her "Notice of Eligibility & Rights and Responsibilities under the Family and Medical Leave Act" which confirmed Plaintiff's eligibility for FMLA leave.

24. On or about July 6, 2021, while Plaintiff was still out on FMLA leave, Minnis emailed Plaintiff to "check in" and "see if [Plaintiff] ha[d] any updates" for Defendant.

25. On or about July 7, 2021, Plaintiff informed Anne Marie Chalmers ("Chalmers"), another Assistant Manager at Bar Bombón, of her improving condition and that she intended to submit documentation from her treating doctor authorizing her return to work. In response, Chalmers told Plaintiff that she could return after providing the necessary medical documentation to Minnis.

26. On or about July 12, 2021, Plaintiff emailed Minnis that she planned to submit documentation from her doctor substantiating her medical ability to return to work.

27. Minnis did not respond to Plaintiff's July 12, 2021 email.

28. On or about August 2, 2021, Plaintiff emailed Minnis documentation completed by her treating provider—Leah Bond, FNP—indicating that Plaintiff could return to work on a reduced work schedule not to exceed 20 hours per week.

29. Minnis did not respond to Plaintiff's August 2, 2021 email.

30. The next day, on or about August 3, 2021, Plaintiff notified Chalmers that she had provided the necessary documentation to Minnis and reiterated her readiness to return to work.

31. On or about August 8, 2021, having failed to receive a response from Minnis for nearly one week, Plaintiff sent Minnis another email about the status of her anticipated return to work.

32. Minnis did not respond to Plaintiff's August 8, 2021 email.

33. On or about August 11, 2021, Plaintiff informed Chalmers that Minnis had not yet responded to her requests to return to work. In response, Chalmers assured Plaintiff that she would reach out to Minnis.

34. Thereafter, on or about August 14, 2021, Plaintiff also contacted Montague about Minnis' failure to respond. Like Chalmers, Montague advised Plaintiff that he would speak with Minnis.

35. Plaintiff never heard back from Chalmers, Montague, or Minnis.

36. On or about August 16, 2021, two weeks after Plaintiff had first provided medical documentation regarding her ability to return to work, Plaintiff emailed Jonathan Cavanaugh ("Cavanaugh"), Defendant's Human Resources Generalist, regarding Minnis' repeated refusal to respond to her communications. In her email to Cavanaugh, Plaintiff asked about her employment status, whether she was permitted to return to work, or if Defendant decided "not to bring [her] back."

37. Cavanaugh did not respond to Plaintiff's August 16, 2021 email.

38. Minnis and Cavanaugh ignored Plaintiff's repeated written communications about her requests to return to work from FMLA leave.

39. Defendant failed to inform Plaintiff of her termination by written document or otherwise.

40. Upon information and belief, Defendant terminated Plaintiff's employment sometime in July or August 2021 but intentionally chose not to notify Plaintiff of that decision.

41. Upon information and belief, Minnis instructed other employees of Defendant, including Cavanaugh, not to respond to Plaintiff's written communications about her return to work from FMLA leave.

5

42. Defendant terminated Plaintiff's employment in violation of the FMLA.

43. Defendant interfered with Plaintiff's rights under the FMLA when it refused to allow her to return to work from an FMLA-approved leave of absence and terminated her employment.

44. Plaintiff has suffered economic harm as a result of Defendant's retaliatory conduct towards her.

45. Defendant's interference with Plaintiff's rights under the FMLA and its retaliatory conduct towards her warrants the imposition of liquidated damages.

46. As a direct of proximate result of the retaliatory conduct of Defendant, Plaintiff has incurred, and may incur, a loss of earnings or earning capacity, loss of benefits, the full extent of which is not known at this time.

## COUNT I
**(FMLA – Retaliation)**
**Plaintiff v. Defendant**

47. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint, as if set forth herein in their entirety.

48. By committing the foregoing acts of retaliation based on Plaintiff's request and use of FMLA-protected leave, Defendant has violated the FMLA.

49. Defendant, by terminating Plaintiff's employment for requesting FMLA-protected leave, retaliated against Plaintiff in violation of the FMLA.

50. Defendant knew or showed reckless disregard as to whether the foregoing acts violated the FMLA, thereby warranting the imposition of liquidated damages.

51. As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has suffered damages and losses set forth herein and has incurred attorneys' fees and costs.

52. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's violations of the FMLA unless and until this Court grants the relief requested herein.

### COUNT II
### (FMLA – Interference)
### Plaintiff v. Defendant

53. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint, as if set forth herein in their entirety

54. Plaintiff was eligible for FMLA leave at the time of her application for same.

55. By refusing to allow Plaintiff to return to work from FMLA-protected leave and terminating her employment, Defendant unlawfully interfered with Plaintiff's rights under the FMLA.

56. Defendant knew or showed reckless disregard as to whether the foregoing acts had violated the FMLA, thereby warranting the imposition of liquidated damages

57. As a direct and proximate result of Defendant's violation of the FMLA, Plaintiff has suffered damages and losses set forth herein and has incurred attorneys' fees and costs.

58. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's violations of the FMLA unless and until this Court grants the relief requested herein.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's unlawful conduct, and specifically requests that the Court grant the following relief to Plaintiff by:

  a. Declaring the acts and practices complained of herein to be in violation of the FMLA;

  b. Entering judgment against Defendant and in favor or Plaintiff in an amount to be determined;

  c. Awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

  d. Awarding liquidated damages to Plaintiff;

  e. Awarding Plaintiff any other damages that are appropriate under the FMLA;

  f. Awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees, and;

  g. Granting any other relief that this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

## JURY DEMAND

Plaintiff demands a trial by jury.

              **SIDNEY L. GOLD & ASSOC., P.C.**

          By: /s/ Brian C. Farrell
             Brian C. Farrell, Esquire
             PA ID No.: 319145
             1835 Market Street, Suite 515
             Philadelphia, PA 19103
             (215) 569-1999
             bfarrell@discrimlaw.net
             Attorney for Plaintiff Shannon Bundra

Date: 04/18/2023